## Staunton.

### CITY OF STAUNTON v. MARY BALDWIN SEMINARY.

#### SEPTEMBER 12, 1901.

1. CONSTITUTIONAL LAW—*Exemption from Taxation—Educational Purposes—Rents.*—Under section 3 of Article X. of the Constitution of this State, the General Assembly has power to exempt property from taxation, where the rents or proceeds of the property, and not the property itself, are used for educational purposes.
2. TAXATION—*Educational Institutions—Exemption—Property and Proceeds.*—Under the terms of section 457 of the Code, as amended by act approved January 28, 1896 (Acts 1895'-6, p. 218), real estate owned by educational institutions is exempt from taxation where the proceeds are devoted exclusively to educational purposes, and if not exclusively so used, then to the extent that the same are so used. The word *same*, as used in the act, refers to both "proceeds" and "property."
3. INJUNCTIONS—*Taxes—Exempt Property.*—Injunction is the proper remedy to restrain the collection of taxes assessed upon property which is exempt from taxation.

Appeal from a decree of the Hustings Court of the city of Staunton, pronounced March 16, 1901, and amended April 10, 1901, in a suit in chancery, wherein the appellee was the complainant, and the appellant and others were the defendants.

*Affirmed.*

The opinion states the case.

*Patrick & Gordon,* for the appellant.

*A. F. Robinson,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

The question involved in this case is the right of the city of Staunton to tax certain houses and lots owned by the Mary Baldwin Seminary, an incorporated educational institution.

Section 457 of the Code as amended by an act of the General Assembly, approved January 28, 1896 (Acts 1895-'6, p. 218), provides, among other things, that real estate belonging to certain classes of educational institutions and charitable associations shall be exempt from taxation where the proceeds arising from such property are devoted exclusively to charitable or educational purposes, with the proviso that nothing contained in the section shall be construed to exempt from taxation any part of a lot or building used for any private purpose or for profit; but where a part of the property or its proceeds is used for charitable or school purposes, then to that extent the same shall be exempt from taxation.

The house and lots in question are leased by the seminary and the rents derived therefrom are used exclusively for the purposes of the school.

The city of Staunton insists that the Legislature had no power under the Constitution to exempt any property from taxation which was not used by the seminary for school purposes, although the rents or proceeds of the property were devoted exclusively to such purposes, and that, even if the Legislature had such power, section 457 of the Code, as amended, does not exempt the property in question from taxation, but only exempts the proceeds of such property.

The power of the General Assembly to exempt property where the rents or proceeds of the property, and not the property itself are used for charitable purposes was decided in the case of the *City of Petersburg* v. *Petersburg Benevolent Mechanics Association*, 78 Va. 431. It was there held that section 3, Article X., of the Constitution, which provided that all property

"used exclusively for State, county, municipal, benevolent, charitable, educational and religious purposes" carried with it the power to exempt property, the proceeds of which are devoted to any of the purposes named.

The constitutional power of the General Assembly to exempt the property in question from taxation must be considered as settled and controlled by that case.

The next question is, does section 457 of the Code, as amended, exempt the property itself, or does it only, as the city insists, exempt the rents or proceeds of the property from taxation?

The act of January 28, 1896 (Acts 1895-'6, p. 218), under which the seminary claims that its houses and lots in question are exempt from taxation, does not, upon the point under consideration, differ in its legal construction from the act of April 2, 1877 (Acts 1876-'7, p. 302) which was in force when the case of the *City of Petersburg* v. *Petersburg Benevolent Mechanics Association, supra,* was decided, and which was held to exempt the property itself from taxation, and not merely the proceeds or rents arising therefrom.

The purpose of both acts was to exempt from taxation *real estate,* not *personal property,* owned by certain designated classes of persons, including charitable associations and educational institutions under certain conditions.

The act of April 2, 1877, provides that "real estate belonging to  *  *  *  *  *  incorporated colleges and academies; to seminaries and other institutions devoted to purposes of education  *  *  *  *  *  ; real estate owned by Masonic, Odd Fellows and other like benevolent associations, where the proceeds arising from said property is devoted exclusively to charitable or school purposes  *  *  *  shall be exempt from taxation  *  *  *  *  ; provided, however, that nothing herein contained shall be construed to exempt from taxation any lot or building used for any private purpose or for profit; but where a

part of such proceeds are used for charitable or school purposes then to that extent said property shall be exempt from taxation."

The act of January 28, 1896, amending section 457 of the Code (Acts 1895-'6, p. 218) is entitled "An act to amend and re-enact section 457 of the Code relative to what real estate shall be exempt from taxation." It exempts from taxation certain real estate not theretofore exempted, and then provides, among other things, "that real estate owned by benevolent associations and educational institutions where the proceeds are devoted exclusively to charitable or educational purposes    *    *    *    * shall be exempt from taxation; provided, however, that nothing herein contained shall be construed to exempt from taxation any part of any lot or building used for any private purpose or for profit; but where a part of the property or its proceeds is used for charitable or school purposes, then to that extent the *same* shall be exempt from taxation, and the chief officers or trustees of the association shall be required to make oath as to what part, if any, of the revenues of the association is devoted to private purposes, or for profit    *    *    *"

It is insisted that the word "same" in the last sentence quoted refers to the word "proceeds," and not to the word "property" which precedes it in the same sentence.

The purpose of the section and the context show that this construction is not correct. The object of the act, as stated in its title, was to exempt *real estate*, not *personal property*, from taxation. The language of the section, when considered as a whole, shows that the intention of the Legislature was to exempt the real estate from taxation where it or the proceeds arising from it is devoted exclusively to charitable or educational purposes, and where only a part of the real estate or its proceeds is used for such purposes to exempt the real estate to the extent that it or its proceeds is used for such purposes. The whole of the proceeds arising from the rent of the houses and lots in question being used exclusively for the purposes of the seminary,

the houses and lots were exempt from taxation under section 457 of the Code, as amended.

The remaining question to be considered is the demurrer to the bill.

The bill was filed to enjoin the city of Staunton from collecting taxes upon property which, we have seen, was exempt from taxation by a constitutional act of the Legislature. The right to enjoin the collection of a tax assessed upon property which is exempt from taxation seems to be well settled. Mr. High, in his work on Injunctions (3d ed.), sec. 530, says that "an important exception to the general doctrine of non-interference by injunction against the collection of the revenue because of illegality in the tax is recognized in that class of cases where the relief is sought against a tax assessed upon property which has been exempted by law from taxation. Indeed, the exception has been so uniformly recognized as to become itself a governing rule in the class of cases now under consideration, and it may be laid down as the established doctrine of the courts that the attempted enforcement of a tax upon property which has been exempted by proper legislative authority from the burdens of taxation constitutes a grievance of so irreparable a nature as to merit preventive relief. And where an act of the Legislature, held by the court to be constitutional, exempts certain property from taxation, an injunction will be allowed against the enforcement of a tax upon such property." See also section 536; *City of Petersburg* v. *Petersburg Benevolent Mechanics Association, supra; Railway Co.* v. *McShane*, 22 Wall. 444; 1 Barton's Ch. Pr. (2d. ed.), 483.

We are of opinion, therefore, that there is no error in the decree appealed from, and that it must be affirmed.

*Affirmed.*