No. 26,945.

THE KANSAS POWER COMPANY, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SMITH et al., *Appellees*.

SYLLABUS BY THE COURT.

TAXATION—*Persons Liable—Property Under Contract of Sale by City—Where Time Essence of Agreement.* Where a city owning an electric-light plant enters into a contract (embodied in an ordinance) for its sale upon installments, provisions being made that time is of the essence of the agreement, that the city shall hold title until all payments are made, and in case of any default may take possession of the property and operate it as its own, but if all payments are made at the times specified the title shall thereby pass to the purchaser without further action, both the legal and equitable title remain in the city and the prospective purchaser is not liable for taxes as the owner of the property. The plant as such is not taxable, by reason of property owned by the city being exempt.

Appeal from Smith district court; WILLIAM R. MITCHELL, judge. Opinion filed January 8, 1927. Reversed.

*W. S. Rice, E. S. Rice,* both of Smith Center, *C. L. Hunt, F. C. Baldwin* and *C. J. Putt,* all of Concordia, for the appellant.

*Miles Elson,* county attorney, for the appellees.

---

Taxation, 37 Cyc. pp. 792 n. 84, 875 n. 14, 878 n. 41; 24 L. R. A. n. s. 1299; 26 R. C. L. 358.

The opinion of the court was delivered by

MASON, J.: The plaintiff brought this action to enjoin the collection of a tax with reference to an electric-light plant. A demurrer to its petition was sustained, and it appeals.

The petition alleges substantially these facts: The electric-light plant originally belonged to the city of Lebanon, a city of the third class. On September 10, 1923, a contract was entered into, the terms of which were afterwards embodied in an ordinance, concerning the sale of the plant to a partnership whose rights and obligations in relation thereto have since been transferred to the plaintiff, the Kansas Power Company. The contract and ordinance contemplated a sale of the plant for $22,000, the city agreeing to sell and the partnership agreeing to buy upon the terms and conditions stated therein. Possession of the plant was to be given at once. The first year the partnership was to pay $8,000, by turning in that amount of city warrants. Beginning with 1924 it was to pay off a thousand-dollar bond of the city each year. It was to pay off three other bonds of the same denomination in 1933. It was to give a surety-company bond for the payments due in 1924. It was to connect the plant with a system owned by the plaintiff, and was to keep the equipment in good order.

The plaintiff as the successor in interest of the partnership is in possession of the plant and had paid $9,000 up to March 1, 1924, being the full amount then due. The assessing officers valued the plant as the property of the plaintiff on March 1, 1924, at $20,000, and a tax of $908.15 was on that account charged against the plaintiff for that year. This is the tax the action was brought to enjoin, the plaintiff, however, admitting that it was liable for taxation to the extent of what it had paid—$9,000—and tendering a payment of $390.10 on that basis, making a deposit in court of that amount.

The plaintiff's contention is that because of the special provisions of the contract, which are hereinafter set forth, it acquired no title, legal or equitable, to the plant, and is not liable for taxation to the extent of its value. The defendants' theory is that the plaintiff is the owner of the property subject to a lien for the unpaid purchase price, and should pay taxes accordingly. The provisions of the contract just referred to are contained within the following paragraph:

"It is agreed by the parties hereto that time is of the essence of this contract, and the city of Lebanon shall hold and retain the title in and to all of the

property above described until all of the payments provided for in this contract shall have been made, and in case of default in the payments hereunder, first party shall have the right and privilege to take possession of all of said property and operate the same as its own, but in the event that said payments are promptly made at the times herein specified then this agreement shall operate as a transfer of all of said property to the second party without any further agreement or enactment of any new or additional ordinance, and said bond [that already mentioned] referred to in paragraph three (3) above shall be canceled and held for naught."

If the arrangement is to be considered as an ordinary executory contract of sale the plaintiff should be regarded as the owner for the purposes of taxation (Note, 24 L. R. A., n. s., 1300), the city merely having a lien on the property securing its claim for the payment of the purchase price, a right which itself would be subject to taxation if held by an individual. This court has held, however, that "where an agreement is executed to sell real estate upon conditions precedent, and no notes are given for the purchase money, and it is stipulated that time is of the essence of the agreement, and neither the legal nor the equitable title to the land is transferred thereby, . . . the agreement is not subject to taxation." (*Brown v. Thomas, Sheriff,* 37 Kan. 282, syl., 15 Pac. 211.) The contract there involved, so far as bears upon the question here at issue, was essentially similar to that now under consideration. The owner agreed to sell and the prospective buyer agreed to make the payments of purchase price provided for, and also the taxes on the land. If the latter failed to perform any of the agreements at the time designated, which was made of the essence of the contract, the agreement was to be forfeited at the option of the owner, who was to retain all payments and improvements as rent up to the time of forfeiture. An attempt was made to require the owner to pay taxes on the contract, but their collection was enjoined, the court saying:

"Davison [the prospective buyer] has the option to purchase. Under the agreement he has the possession of the land, and pays therefor the taxes and certain interest; but the legal title has not passed to him, because no deed or other conveyance has yet been made; and the equitable title has not passed, because the land has not been paid for, and because—on account of the provisions for forfeiture—it is clearly the intention of the parties, as indicated in the contract, that such title shall not pass until the land is paid for. Davison has a contingent or conditional equity in the land, but he is in danger of forfeiting the same, and if forfeiture occurs, his contingent or conditional equity ceases. If we could consider the agreement a mortgage merely, then as personal property it would be taxable. As the agreement cannot be construed into a mort-

gage, nor as creating a debt, but being a conditional sale only, we must hold that it is not subject to taxation." (p. 286.)

The doctrine of the Brown-Thomas case has been confirmed by later decisions. Upon the strength of it the court has held that under a similar contract the interest of the original owner with respect to the realty involved continues to be real estate, and upon his death passes as such and not as personalty. (*Pickens v. Campbell,* 104 Kan. 425, 179 Pac. 343.) The vital point is that by virtue of the provisions so carefully made to prevent the prospective purchaser from acquiring any title except by full compliance with all the terms of the contract, neither the legal nor the equitable title passes until payment has been fully made. By virtue of this rule the plaintiff here is not the owner of the electric plant—has neither the legal nor the equitable title—and cannot be required to pay taxes upon it. A private corporation which owned the plant and made a similar contract would have to bear the burden of the tax in the absence of an agreement to the contrary, by virtue of its ownership. The title being in the city the plant as such is not taxable because of the statutory exemption. (R. S. 15-1101, 79-201.)

The defendants cite *Williams v. Osage County,* 84 Kan. 508, 114 Pac. 858, and *McGregor v. Ireland,* 86 Kan. 426, 121 Pac. 358, as supporting a different theory. In the first of these cases, however, of the two contracts involved one merely made time of the essence of the contract, and gave a right of forfeiture, with respect to the earliest of a series of deferred payments, which was due before the litigation arose; and the other made no provision for a forfeiture, but provided that in case of nonpayment the balance should become at once due and the seller might take such legal steps to enforce the contract as he thought best. In the' second case time was not made of the essence of the contract, a feature to which attention was called in the opinion.

The circumstance that the ordinance was to operate as a conveyance upon the fulfillment of the terms of the contract does not impress us as affecting the general rule. Neither do several other matters of detail in which difference exists between the present contract and that involved in *Brown v. Thomas.*

The plaintiff also relies upon the principle by which it is held that lands to be granted by the federal government are not taxable until the grantee has done everything required to entitle him to a patent.

In view of what has already been said it is not necessary to consider that aspect of the case.

The plaintiff, having done equity by tendering taxes based on the payments already made, is entitled to the relief asked. 

The judgment is reversed, with directions to overrule the demurrer.