PATTERSON MEMORIAL FUND, *Inc., et al. v.* ERNEST K. JAMES, *Commissioner, et al.*

(No. 8757)

Submitted April 27, 1938.   Decided May 10, 1938.

*Randolph Bias* and *Walter L. Brown,* for plaintiffs in error.

*Clarence W. Meadows,* Attorney General, *Ira J. Partlow,* Assistant Attorney General, *Lafe B. Chafin,* and *E. E. Winters, Jr.,* for defendants in error.

HATCHER, JUDGE:

The question here is shall certain property be exempted from taxation. The property is held under a trust established in 1933, requiring that the "income and principal be divided among" certain religious, educational and charitable institutions. The trust indenture was approved by the state tax commissioner, and the property was not initially taxed. In 1936, the trustee entered into a "lease-sales" contract of the property with Cinderella Building Company. In 1937, the commissioner withdrew his approval of the trust, so far as it related to the property in question, and it was assessed for taxation against the trustee. In a proceeding before the circuit court, the assessment was upheld.

Constitution, Article 10, Section 1 permits property used for educational, religious or charitable purposes to be exempted by law from taxation. Code, 11-3-9, after severally exempting property *in actual use* for these purposes, makes this further exemption: "Provided further, that such exemption from taxation shall apply to all property, including the principal thereof, and the income therefrom held for a term of years or otherwise under a bona fide trust deed, transfer or assignment, by a trustee or trustees required by the terms of such trust to apply,

annually, the income derived from such property to education, religion, charity * * * when not used for private purposes or profit." Since the instant property is held under such a trust as this provision contemplates, the right of tax exemption here must be related to this provision alone, and not to the other sections of the statute exempting property not so held in trust. This case must also be disassociated from *State* v. *McDowell Lodge,* 96 W. Va. 611, 123 S. E. 561, 38 A. L. R. 31, (especially relied upon by appellees) and other decisions bearing on the other sections. While judicial construction of tax exemptions should be strict, it should be rational. *State* v. *Kittle,* 87 W. Va. 526, 105 S. E. 775. Under rational construction, the exclusive application of the proceeds of trust property to eleemosynary purposes is regarded, in effect, as a primary and immediate use of the property itself for such purposes, and it may lawfully be exempted from taxation. *Prichard* v. *County Court,* 109 W. Va. 479, 155 S. E. 542; *Staunton* v. *Seminary,* 99 Va. 653, 39 S. E. 596. The appellants stipulated that "all moneys coming to the trustee's hands are applied as the trust provides"; their sole contention is that the "contract makes the property taxable."

The contract purported to lease the property for a term of five years and two months. The consideration was $15,000.00 cash and certain other sums amounting to $81,675.36, which Cinderella promised to pay as rent at stated intervals throughout the term. If and when the payments were all made as promised, the trustee covenanted to convey the property to Cinderella, in consideration of $1.00. Appellees contend that this is a contract of sale; the trustee contends that it is a contract of lease, but that on the issue here, the character of the contract is not material. Although the parties may denominate a paper a lease and the payments thereunder rentals, when the parties treat the payments as constituting the purchase price of the property, as they did in the instant contract, the instrument may be regarded as evidencing a conditional sale. *Bankers Pocahontas Coal*

*Co.* v. *Coal Co.*, 113 W. Va. 1, 166 S. E. 491. Even so, the proceeds of the sale are admittedly being applied as the trust directs, and the contract has not changed the taxable immunity of the trustee's title. This conclusion is based primarily on the statute as applied to the facts of this case; the conclusion, however, is in accord with general law on conditional sales of tax-exempt property. *Copp* v. *State*, 69 W. Va. 439, 444, *et seq.*, 71 S. E. 580, 35 L. R. A. (N. S.) 669; *Graff* v. *Ackerman*, 38 Neb. 720, 722, 57 N. W. 512; *Kansas Power Co.* v. *Smith County*, 122 Kan. 252, 251 P. 1114; *Olds* v. *Cattle Co.*, 22 Wyo. 336, 345, *et seq.*, 140 P. 1004, Ann. Cas. 1917 C, 120; *Lincoln* v. *Pacific Spruce Corp.*, 26 Fed. (2d) 435.

The decree of the circuit court is reversed, and such decree as that court should have entered is rendered here.

*Reversed and rendered.*