STATE OF WEST VIRGINIA *ex rel.* C. HOWARD HARDESTY, JR.

*State Tax Commissioner*

*v.*

ARACOMA—CHIEF LOGAN No. 4523, VETERANS OF
FOREIGN WARS OF THE UNITED STATES, INC.

(No. 12184)

Submitted January 22, 1963.     Decided March 12, 1963.

*Naaman J. Aldredge,* for appellant.

*C. Donald Robertson,* Attorney General, *Frank M. Ellison,* Assistant Attorney General, for appellee.

CAPLAN, JUDGE:

This is a statutory proceeding instituted under the provisions of Code, 11-13-13, as amended, wherein the state tax commissioner seeks to recover from Aracoma-Chief Logan No. 4523, Veterans of Foreign Wars of the United States, Incorporated, hereinafter sometimes referred to as appellant, certain taxes alleged to have been due and owing the State for the period from 1952 through 1960.

The appellant is a veterans' organization, duly incorporated under the laws of the State of West Virginia as a non-profit corporation, with its principal place of business in the City of Logan, Logan County. At this location the organization, among other activities, operates a restaurant for its members. In accordance with the rules of the appellant, the members may invite, as a guest, one who does not hold membership therein, but such non-member may not avail himself of the restaurant facilities unless he is accompanied by a member.

By agreement this case was tried by the court in lieu of a jury upon facts as stipulated by the parties. Although stipulation ordinarily connotes agreement, we find, upon examination of the record, that Stipulation V is in conflict with Stipulation IV and with a letter made a part of the record by the parties. Stipulation V reads: "That it is agreed that the Defendant is a Fraternal organization operated and organized under the lodge system for the exclusive

benefit of their members and not for profit." Considering this stipulation alone, it appears that the appellant organization is operated in compliance with the provisions of the exemption statute and is entitled to such exemption. However, in Stipulation IV, the parties agreed: "That the Defendant organization has served in its facilities during the period involved, some non-member people and organizations." Furthermore, in the letter heretofore mentioned, written by an official of the appellant and addressed to the state tax commissioner, the following was stated in relation to its operation: "The way we operate is as follows: We admit only members to the post, except when they want to bring a guest, of which we have meals and refreshments for sale. The guest is not allowed in the club without being accompanied by the member. We also cater to Banquet parties, of which some other organizations, companies or business group may want to have in our clubroom or dining hall with us serving and making the profit from such affair, and the total receipts for the full year from all banquets will not amount to more than $2,000.00 at the most." This apparent conflict in the facts, even though stipulated by the parties, must be resolved by the court in the same manner as it would resolve any conflicting testimony.

By reason of this restaurant operation, the tax commissioner demanded from the appellant payment of business and occupation taxes as required by Code, 11-13-2c, as amended. On the ground that it was exempted under the provisions of Code, 11-13-3 (d), as amended, the appellant refused to make such payment and this action was commenced. The trial court awarded judgment to the plaintiff and the appellant prosecutes this writ of error.

The tax, payment of which is demanded in this action, is known as the business and occupation tax and is imposed for the privilege of doing business in this State. Imposition of such privilege tax is provided in Code, 11-13-2, as amended, as follows: "There is hereby levied and shall be collected annual privilege taxes against the persons, on account of the business and other activities, and in the amounts to be determined by the application of rates against

values or gross income as set forth in sections two-a to two-j, inclusive, of this article * * *".

The specific statute under which the State seeks payment herein is Code, 11-13-2c, as amended, and reads: "Upon every person engaging or continuing within this State in the business of selling any tangible property whatsoever, real or personal, including the sale of food, and the services incident to the sale of food in hotels, restaurants, cafeterias, confectioneries, and other public eating houses, * * * there is likewise hereby levied, and shall be collected, a tax equivalent to one-half of one per cent of the gross income of the business, * * *."

The appellant contends that it is exempt from the payment of such tax by virtue of Code, 11-13-3, as amended, which provides: "* * * The provisions of the article shall not apply to: * * * (d) fraternal societies, organizations and associations organized and operated for the exclusive benefit of their members and not for profit; * * *."

The appellant is engaged in the business of selling food, a tangible item, and, unless granted immunity by the exemption statute quoted above, is subject to the tax provided in Code, 11-13-2c, as amended. The state tax commissioner takes the position that the appellant has lost its exemption by its admitted practice of permitting guests of members to dine in its restaurant facility and by holding itself out to the public as a caterer of banquets and parties, from which it derives a profit. This, he asserts, is contrary to the language of the exemption statute which includes organizations "operated for the exclusive benefit of their members and not for profit."

The contentions of the parties hereto present for consideration and adjudication a question consisting of two parts. Has the appellant, under the facts and in the circumstances of this case, lost its exemption by (1) permitting a guest, accompanied by a member, to partake of meals and refreshments in its club; (2) by its general practice of catering, in its restaurant facilities, to organizations, business

groups and persons, not members or guests of members, from which operation it admittedly makes a profit?

Let us now consider the first part of the above question. The record reveals, by stipulation and by the letter hereinbefore referred to and quoted in part, that the appellant's restaurant facilities are not available to a non-member guest unless accompanied by a member. The appellee asserts that by reason of the practice of permitting a guest, even though he must be accompanied by a member, to avail himself of the appellant's restaurant facilities, the organization is no longer operated for the exclusive benefit of its members and not for profit. In support of that position several well established principles of law are noted.

In resolving this issue it is well to set out and consider these principles as they may apply to the facts and circumstances of this case. A statute granting an exemption from the payment of a particular tax is strictly construed. *In Re Hillcrest Memorial Gardens, Inc.,* 146 W. Va. 337, 119 S. E. 2d 753; *Central Realty Co.* v. *Martin,* 126 W. Va. 915, 30 S. E. 2d 720; *In Re Mountain State College, Inc. Assessment,* 117 W. Va. 819, 188 S. E. 480; *State* v. *McDowell Lodge,* 96 W. Va. 611, 123 S. E. 561, 38 A.L.R. 31; *State* v. *Kittle, et al.,* 87 W. Va. 526, 105 S. E. 775. It is well settled law that an exemption statute is strictly construed against the person claiming the exemption. *State ex rel. Lambert* v. *Carman,* 145 W. Va. 635, 116 S. E. 2d 265; *In Re Hillcrest Memorial Gardens, Inc.,* 146 W. Va. 337, 119 S. E. 2d 753; *State* v. *McDowell Lodge,* 96 W. Va. 611, 123 S. E. 561, 38 A.L.R. 31. See 51 Am. Jur. 526, Taxation, Section 524, and cases cited in footnotes thereto. Furthermore, it has been universally held that when a statute is clear and unambiguous, and the legislative intent is plain, the statute should not be interpreted by the Court. *J. D. Moore, Inc.* v. *C. Howard Hardesty, Jr., State Tax Commissioner,* Pt. 1, Syl. (decided February 26, 1963); *Hereford* v. *Meek,* 132 W. Va. 373, 52 S. E. 2d 740; *State* v. *Jackson,* 145 W. Va. 51, 112 S. E. 2d 452; *State* v. *Epperly,* 135 W. Va. 877, 65 S. E. 2d 488; *State* v. *General Daniel Morgan Post,* 144 W. Va. 137, 107 S. E. 2d 353; *State ex rel. Department of Unemployment Compen-*

*sation* v. *Continental Casualty Co.*, 130 W. Va. 147, 42 S. E. 2d 820; 17 M. J. 283, Statutes, Section 34.

The foregoing principles of law doubtless reflect the prevailing view in relation to the general subject of exemption from the payment of taxes. However, the application of these principles is dependent upon the facts in each case. Here the appellant is engaged in an activity which is clearly taxable under the provisions of Code, 11-13-2c, as amended. On the other hand, it is admittedly within that class of organization which, if operated in accordance with the provisions of Code, 11-13-3(d), as amended, is entitled to exemption from the payment of this privilege tax. It is therefore incumbent upon this Court to examine the facts as stipulated by the parties and, in relation thereto, to consider the above principles, together with any other accepted axioms of law which may be applicable.

The state tax commissioner relies upon the word "exclusive", as used in the exemption statute, to support his contention that such statute is clear and unambiguous and therefore not subject to interpretation. In the circumstances of this case, relating to guests accompanied by a member, we believe that the exemption statute is subject to interpretation. The word "benefit" is a generic word and is subject to many connotations. According to Webster's New International Dictionary, 2d Edition, "benefit" means an act of kindness, benefaction, or whatever promotes the welfare of a person. It permits interpretation to determine what the legislature intended. "An ambiguity justifying the interpretation of a statute, is not simply that arising from the meaning of particular words, but includes such as may arise in respect to the general scope and meaning of a statute when all its provisions are examined." 50 Am. Jur. 209, Statutes, Section 226.

The appellee further relies upon the above stated and generally accepted rule of law that an exemption statute is strictly construed against the person claiming the exemption. This general rule is not disturbed by this opinion. However, we must not lose sight of the fact that the general rules of statutory construction, one of the cardinal principles of

which is the determination of legislative intent, shall always prevail. The following statement is contained in 51 Am. Jur. 531, Taxation, Section 528: "Legislative Intention and Language—The primary rule of construction of statutes— to ascertain and declare the intention of the legislature and carry such intention into effect—applies to the construction of enactments granting exemption from taxation. While the intention to exempt from taxation must be determined from the language of the statute itself, which is to be construed strictly against the claim of exemption, where, by the terms of a statute, an exemption from taxation is granted, the mandate of the statute is as much entitled to obedience as one imposing taxation * * * The rule of strict construction, in the absence of ambiguity, does not require otherwise; nor does it mean that the courts are not to search for and ascertain, if possible, the true meaning of language used in a tax exemption statute."

In the case before us the legislature granted an exemption to the appellant, so long as it operated for the exclusive benefit of its members and not for profit. This does not constitute a mandate that the club be operated for the exclusive use of the members. If this were intended the legislature would have so worded the statute. The distinction between use and benefit is readily discernible in the cases cited by the appellee. These cases involved ad valorem taxes, but it is nonetheless clear that the Court distinguished the meaning of the words "use" and "benefit".

In one of the leading cases wherein this Court ruled upon this matter, *State* v. *McDowell Lodge*, 96 W. Va. 611, 123 S. E. 561, 38 A.L.R. 31, it was held that property of a charitable organization, to be immune from taxes, must actually be used by that organization for charitable purposes. Neither the statutory nor constitutional exemption provisions were complied with where such property was leased for commercial purposes at a profit, even though such profit was expended for charitable purposes. See also *Central Realty Co.* v. *Martin*, 126 W. Va. 915, 30 S. E. 2d 720, and *In Re Hillcrest Memorial Gardens, Inc.*, 146 W. Va. 337, 119 S. E. 2d 753.

Counsel for the parties, neither in their briefs nor arguments, have cited any cases which pertain to exemption from privilege taxes, nor has our research revealed the existence of any such authorities. However, this Court, in *State* v. *Kittle, et al.*, 87 W. Va. 526, 105 S. E. 775, cogently said: "* * * provisions in constitutions and statutes, exempting property from taxation, are always strictly construed. * * * The only arbitrary requirement of the rule of strict construction, however, is that its subject matter must be within the terms, as well as the spirit, of the provision under construction. It does not require assignment to terms actually used, of the most restricted meaning of which they are susceptible, nor any particular meaning. So long as the court stays within the terms used, it may give effect to the spirit, purpose and intent of the makers of the instrument. The rule permits and other law requires, rational interpretation within the terms actually used." In *Patterson Memorial Fund, Inc.* v. *James*, 120 W. Va. 155, 197 S. E. 302, the Court said that while judicial construction of tax exemption statutes should be strict, it should be rational. Although the holding in that case was disapproved in *Central Realty Co.* v. *Martin, supra,* the general statement relating to judicial construction of tax exemptions remained undisturbed.

The Supreme Court, in *Trotter* v. *Tennessee*, 290 U. S. 354, 78 L. Ed. 358, 54 S. Ct. 138, while holding that tax exemptions should be strictly construed, further said: "On the other hand, they are not to be read so grudgingly as to thwart the purpose of the lawmakers."

A similar expression was contained in *Mountain View Cemetery Company* v. *Massey*, 109 W. Va. 473, 155 S. E. 547, wherein the Court said: "There is a general rule that statutory tax exemptions are to be strictly construed. But, even so, a strict construction must be reasonable and not so limited as to defeat the underlying purpose of the statute." See also *In Re Mountain State College, Inc. Assessment*, 117 W. Va. 819, 188 S. E. 480, and 51 Am. Jur. 531, 532, Taxation, Section 528.

Although regulations of the Internal Revenue Department are in no manner binding here, it is interesting to note

that thereunder, a social club or organization, otherwise entitled to exemption from taxation, is not denied such exemption because it derives its principal income from the operation of a bar and restaurant, provided that only members and their guests are permitted to use the club's facilities. See '63, Vol. 3, Standard Federal Tax Reporter—Commerce Clearing House, Inc., Par. 3041.028.

In view of the above discussion and the authorities cited, we do not believe that the legislature intended to deprive an organization, such as the appellant, of the exemption contained in Code, 11-13-3 (d), as amended, by reason of its practice of permitting a member to invite a guest into its restaurant facilities. Likewise, we do not believe that any profit derived from a service rendered to such guest causes the appellant club to lose such exemption. It is inconceivable that the legislature would grant an organization an exemption which, if not reasonably construed, would be lost in the process of maintaining itself. Giving the exemption statute its narrowest meaning, if the appellant served only its own members and received therefrom a profit in an amount sufficient to pay only for its own needs, it would lose its exemption. Such a grant would be meaningless. As stated in *Charleston & S. Bridge Co.* v. *Kanawha County Court*, 41 W. Va. 658, 24 S. E. 1002, it is always presumed that the legislature designed a statute to take effect, and not to be a nullity. Although in that case the Court was commenting on the constitutionality of a statute, in any circumstance, it is presumed that a legislature will not enact a useless statute. See *State ex rel. Boger* v. *Daviess Circuit Court*, 240 Ind. 198, 163 N. E. 2d 250; *St. Joseph Lead Company* v. *Township of Potter*, 398 Pa. 361, 157 A. 2d 638; *Selectmen of Topsfield, et al.* v. *State Racing Commission*, 324 Mass. 309, 86 N. E. 2d 65; *Repucci* v. *Exchange Realty Co.*, 321 Mass. 571, 74 N. E. 2d 14; *Washburn* v. *Paducah Newspapers, Inc.*, 275 Ky. 527, 121 S. W. 2d 911; *In re Bashford's Estate*, 178 Misc. 951, 36 N.Y.S. 2d 651.

Language relating to a tax exemption statute should be given a fair and reasonable interpretation in order to ascertain the true intent as to its scope. Upon making this de-

termination it should then be strictly applied and enforced. In the instant case we believe that the practice of permitting a member to invite a guest does not defeat the intention, nor does it take it outside the scope, of the exemption statute. Certainly one of the benefits, if not the principal benefit, a member derives from belonging to an organization of this nature, is the privilege of inviting a guest to join him at his club. An interpretation of the exemption statute which would preclude this practice, or cause a loss of the exemption, would be unreasonably narrow.

We believe, therefore, and so hold, that the appellant's practice of serving a guest of a member, when accompanied by such member, in its restaurant facilities, does not cause the appellant to lose the exemption granted by Code, 11-13-3 (d).

It is necessary, however, before resolving the principal question presented in this case, to consider the second part thereof, as set out above. Has the appellant, under the facts and in the circumstances of this case, lost its exemption by its general practice of catering, in its restaurant, to organizations, business groups and persons, not members or guests of members, from which operation it admittedly has made a profit?

As hereinbefore noted, the record shows the following admission by an officer of the appellant: "We also cater to Banquet parties, of which some other organizations, companies or business group may want to have in our clubroom or dining hall with us serving and making the profit from such affair, * * *." To the same effect is Stipulation IV. These facts, as stipulated by the parties, unquestionably reveal that the appellant, by this phase of its operation, was in business for profit. It held itself out to the general public as a caterer of banquets or parties. It admittedly undertook this operation for profit and without regard to membership in its organization. In so conducting its affairs, the appellant was in competition with others in the vicinity in the restaurant or catering business.

The appellant contends that any profit it derived from serving dinners to non-member organizations and persons

was used for the benefit of its members and, that by reason thereof, it should not lose its exemption. This position is untenable in this case. Any benefits which inure to the membership from this activity are, at best, indirect. Such benefits would be comparable to those derived by the fraternal association in *Central Realty Co.* v. *Martin, supra,* and, as in that case, do not here constitute a basis for exemption. In other words, this is not the type of benefit contemplated by the exemption statute. Considering fully this aspect of the appellant's operation, we are of the opinion that it does not qualify for the exemption from taxation granted in Code, 11-13-3 (d), as amended.

In accordance with the reasons heretofore stated, the judgment of the Circuit Court of Logan County is affirmed.

*Affirmed.*