488 S.E.2d 34

**STATE of West Virginia ex rel. Nicholas P. SERDICH, Relator Below, Appellant,**

v.

**PRESTON COUNTY BOARD OF EDUCATION, Respondent Below, Appellee.**

No. 23536.

Supreme Court of Appeals of West Virginia.

Submitted March 18, 1997.

Decided May 30, 1997.

Rehearing Refused July 15, 1997.

George R. Higinbotham, Fairmont, for Appellant.

Henrietta H. Hartman, Assistant Prosecuting Attorney, Kingwood, for Appellee.

MAYNARD, Justice:

The appellant in this proceeding, Nicholas P. Serdich, who was dismissed as a school teacher by the Preston County Board of Education, requested that the Circuit Court of Preston County issue a writ of mandamus to compel the Preston County Board of Education to place him in a position which he claimed was "open." He contended that he was entitled to such placement because of the provisions of W.Va.Code § 18A–4–7a which gives school teachers who have been dismissed in a reduction in force certain recall rights. The circuit court denied the appellant's petition on the ground that the position which he sought was not "open" and that he was not clearly entitled to the relief which he sought. In the present appeal the appellant claims that the circuit court erred in reaching this decision. After reviewing the issues raised and the facts presented, this Court believes that the circuit court did err in holding that the position was not "open" and that the appellant was not entitled to recall. Accordingly, we reverse the judgment of the Circuit Court of Preston County.

The appellant, Nicholas P. Serdich, a classroom teacher certified to teach English, was employed by the Preston County Board of Education prior to 1992, and in 1992, he was terminated in a reduction in force carried out by the Preston County Board of Education pursuant to W.Va.Code § 18A–4–7a.

West Virginia Code § 18A–4–7a contains a recall provision which states that:

All professional personnel whose seniority with the county board is insufficient to allow their retention by the county board during a reduction in work force shall be placed upon a preferred recall list. As to any professional position opening within the area where they had previously been employed or to any lateral area for which they have certification and/or licensure, such employee shall be recalled on the basis of seniority if no regular, full-time professional personnel, or those returning from leaves of absence with greater seniority, are qualified, apply for and accept such position. Before position openings that are known or expected to extend for twenty consecutive employment days or longer for professional personnel may be filled by the board, the board shall be required to notify all qualified professional personnel on the preferred list and give them an opportunity to apply, but failure to apply shall not cause such employee to forfeit any right to recall.

A related statute, W.Va.Code § 18A–2–2, provides for the creation of a preferred recall list and establishes the order of filling vacancies when more than one dismissed teacher has recall rights under W.Va.Code § 18A–4–7a. W.Va.Code § 18A–2–2 provides in relevant part:

[I]n case of ... [dismissals pursuant to a reduction in force], the teachers so dismissed shall be placed upon a preferred list in the order of their length of service with that board, and no teacher shall be employed by the board until each qualified teacher upon the preferred list, in order, shall have been offered the opportunity for reemployment in a position for which they are qualified: And provided further, That he has not accepted a teaching position elsewhere. Such reemployment shall be upon a teacher's preexisting continuing contract and shall have the same effect as though the contract had been suspended

during the time the teacher was not employed.

At the beginning of the 1993–94 school year, a Ms. Milne, an English teacher at Preston High School, who was ill, was absent from duty because of that illness, and the appellant, Mr. Serdich, was called to serve as a substitute teacher for her. After Mr. Serdich had served as a substitute for a short time, Ms. Milne returned to work, but thereafter she again became unable to perform her duties because of her illness. On October 11, 1993, Ms. Milne's physician wrote the director of personnel for the Preston County Board of Education indicating that Ms. Milnes would need additional time off from her work responsibilities. The physician also wrote that she was unable to predict with certainty when she would be able to return. In a second letter dated October 20, 1993, the doctor again indicated that she was unable to predict with certainty when Ms. Milne would be able to return to her employment.

Mr. Serdich was not recalled to replace Ms. Milne after her abortive attempt to return to work.

Thereafter, on January 31, 1994, Ms Milne, at one time, signed and filed nine separate ten-day leave request forms. Eight of these were prospective and provided for her to be absent on sick leave through June 14, 1994. In effect, Ms. Milne notified the School Board that she anticipated being absent from work for an additional eighty school days, a period equal to the remainder of the school year.

After receiving the January 31, 1994, leave requests, the School Board which considered Ms. Milne to be absent on temporary personal leave, and which did not consider her position to be open, did not notify the appellant of Ms. Milne's absence and did not afford him an opportunity to apply for Ms. Milne's position.

When the appellant learned that Ms. Milne had notified the school board that she would probably be absent for an additional eighty days, a situation which he believed created an opening within the meaning of W.Va.Code § 18A–4–7a, he filed the present action for a writ of mandamus in the Circuit Court of Preston County. In his petition he prayed that the circuit court issue a write of mandamus to compel the respondent, Board of Education, to place him in the opening.

After the development of the facts of the case, the circuit court, in an opinion dated June 23, 1995, concluded that Mr. Serdich was not entitled to the relief which he sought. Essentially, the circuit court reasoned that Ms. Milne was off work because of her illness and was absent because of personal leave. The court concluded that such an absence did not constitute an "opening" of her position within the meaning of the recall statute, W.Va.Code § 18A–4–7a, and that, since there was no "opening," the Preston County Board of Education had no statutory duty to notify the appellant of her absence. The court also reasoned that the law authorized the Preston County Board of Education to hire substitute teachers, as it did in this case, under the circumstances presented. The court stated:

> Even if the Board anticipated that Milne (the ill teacher) might be absent for more than twenty consecutive days, the Board was not required by law to open her position, but was within its discretion in employment substitute teachers to fill her temporary absence. The law grants the Board flexibility in its hiring of substitute teachers and does not require that substitutes be taken from the preferred recall list.

> Serdich has not established that Milne's position was ever 'open' so that the statutory requirements of W.Va.Code § 18A–4–7a, would then be applicable. Nor has he established that the Board abused its discretion when it chose to hire substitute teachers to fill in for Milne as a teacher on personal leave.

On July 13, 1995, the circuit court entered an order formally denying Mr. Serdich the mandamus relief which he sought.

In the present appeal Mr. Serdich claims that he is entitled to the mandamus relief and that the circuit court erred in denying him that relief, and as previously indicated, the real question presented is whether Ms. Milne's absence in the present case consti-

tutes an "opening" within the meaning of the recall statutes.

So far as this Court can determine, the Legislature has not specifically defined the term "opening" in this context, and this Court is unaware of any case in which it has interpreted that term in the context presented in the present case.

■ It is fundamental that in interpreting statutes that this Court should attempt to give all legislative statements meaning, for, as stated in Syllabus Point 4 of *State ex rel. Hardesty v. Aracoma–Chief Logan No. 4523, Veterans of Foreign Wars of the United States,* 147 W.Va. 645, 129 S.E.2d 921 (1963): "It is always presumed that the legislature will not enact a meaningless or useless statute." Further, the Court has indicated that: "Generally the words of a statute are to be given their ordinary and familiar significance and meaning, and regard is to be had for their general and proper use." Syllabus Point 3, *Byrd v. Board of Education of Mercer County,* 196 W.Va. 1, 467 S.E.2d 142 (1995).

■ Although the Board of Education in the present case, and the circuit court below, in effect found that the brief periods of Ms. Milne's absence were such that they called for the hiring of a substitute teacher, rather than notification of the appellant for recall, the positions of the board of education and the circuit court are apparently premised on the fact that Ms. Milne's absence was clearly anticipated to be temporary.

This Court believes that this reasoning ignores the plain statements contained in W.Va.Code § 18A–4–7a that "[b]efore position openings that are known or expected to extend for twenty consecutive employment days or longer for professional personnel may be filled by the board, the board shall be required to notify all qualified professional personnel on the preferred list ..." The statute makes no reference to "temporary" or "permanent" openings.

■ In examining this statute, the Court notes that what triggers the existence of an opening, and the requirement of notice to those on the recall list, is not what has retrospectively happened, not, for instance, that a teacher has actually been absent for twenty days or more; rather, the triggering event is the fact that a board of education, receives information that makes known, or reasonably creates the expectation that a teacher will prospectively be absent for twenty consecutive employment days or more. Further, in this Court's view the plain meaning of the statutory language is that when a board of education receives information which leads it to know, or reasonably expect, that a teacher's "absence" will prospectively extend for twenty consecutive employment days, or more, there is an "opening" within the meaning of W.Va.Code § 18A–4–7a, and the board is then required to notify all qualified personnel on the recall list referred to in such statute of the existence of the opening.

In stressing the distinction between an actual retrospective absence and an expected prospective absence, the Court is anxious to avoid a misreading of what it believes the Legislature intended to do in adopting the recall provisions. The Court does not believe that the Legislature intended to require boards of education to give recall notices when a teacher has actually been absent for twenty days or more, but such absence was unanticipated. Such a reading of the statute would, in this Court's view, require the boards of education to react with unreasonable dexterity to avoid the substantial monetary obligations potentially arising out of violations of the recall provisions. To the contrary, the Court believes and the language of W.Va.Code § 18A–4–7a supports the conclusion that the recall provisions come into effect only when it is known, or reasonably expected, that the absence will, prospectively, extend for twenty consecutive employment days or longer.

In the present case, as previously indicated, Ms. Milne filed nine separate ten-day leave request forms on January 31, 1994. Eight of these request forms were for prospective ten-day leaves of absence and provided for her to be absent on sick leave through June 14, 1994. Unlike the circuit court, this Court believes that the filing of the eight prospective leave requests at the same time clearly should have informed the

Board of Education that Ms. Milne anticipated being absent for more than twenty consecutive employment days.

Because of this, this Court believes that the decision of the circuit court must be reversed, and this Court must conclude that the appellant is entitled to recall.

The Court notes that W.Va.Code § 18A–2–2a (a) provides:

> Any teacher who is returning from an approved leave of absence that extended for a period of one year or less shall be reemployed by the county board with the right to be restored to the same assignment of position or duties held prior to the approved leave of absence. Such teachers shall retain all seniority, rights and privileges which had accrued at the time of the approved leave of absence, and shall have all rights and privileges generally accorded teachers at the time of the reemployment.

Under this provision, Ms. Milne, if she returned prior to being absent on leave of absence for one year or less, would be entitled to reinstatement and, consequently, the appellant's entitlement to recall would be moot. On this point the record in the present case is unclear; however, given what is before the Court, the Court believes that the appellant is entitled to recall.

■ The Court notes that what constitutes an "opening" within the statutory language was unclear at the time the circuit court rendered its ruling in this case, as well as at the time the board of education failed to send the appropriate notice to the appellant. Under such circumstances the Court believes that it would be inappropriate to award the appellant back pay, other benefits, and other legal expenses connected with the bringing of this action.

In reaching the conclusion that Ms. Milne's position in the present case was an "opening" within the meaning of W.Va.Code § 18A–4–7a, this Court has examined the question within the context of the very narrow facts presented in this case. The controlling fact is that Ms. Milne filed applications for eight separate consecutive ten day leaves of absence at one time. This very limited fact tells the Court that at the time of the filing of those applications Ms. Milne knew, and the board of education reasonably should have known, that her absence would extend more than twenty consecutive employment days.

For the reasons stated, the judgment of the Circuit Court of Preston County is reversed in this case and remanded with directions that the circuit court award the appellant mandamus relief directing the Preston County Board of Education to place the appellant in a professional position as a consequence of Ms. Milne's absence, provided Ms. Milne has not returned from her absence within one year.

Justice Starcher, while concurring in the decision relating to the appellant's entitlement to notice and recall, would award the appellant reasonable court costs and attorney fees, as well as retroactive pay and benefits, because of the language of W.Va.Code § 18A–4–7a which states:

> Any board failing to comply with the provisions of this article may be compelled to do so by mandamus and shall be liable to any party prevailing against the board for court costs and reasonable attorney fees that are determined and established by the court. Further, employees denied promotion or employment in violation of this section shall be awarded the job, pay and any applicable benefits retroactive to the date of the violation and payable entirely from local funds. Further, the board shall be liable to any party prevailing against the board for any court reporter cost, including copies of transcripts.

Reversed and remanded with directions.

STARCHER, J., concurs.