617 S.E.2d 556

**Steven W. RICHARDS, Cortland Properties, Inc., a West Virginia Corporation; Northpoint Residential Construction, Inc., a West Virginia Corporation; and Mid–Lake Properties, II, Inc., a Maryland Corporation, Petitioners Below, Appellants**

v.

**Robert June HARMAN, DBA Harman Equipment Sales, Respondent Below, Appellee.**

No. 31942.

Supreme Court of Appeals of West Virginia.

Submitted April 6, 2005.

Decided June 10, 2005.

Stephen G. Jory, Esq., Jory & Smith, LC, Elkins, West Virginia, Attorney for Appellants.

David A. Sims, Esq., Law Offices of David A. Sims, Elkins, West Virginia, Attorney for Appellee.

Justice MAYNARD delivered the Opinion of the Court.

MAYNARD, Justice:

This case is before this Court upon appeal of a final order of the Circuit Court of Tucker County entered on February 4, 2004. In that order, the circuit court refused a Petition to Discharge a Mechanic's Lien filed by the appellants and petitioners below, Steven W. Richards, Cortland Properties, Inc., Northpoint Residential Construction, Inc., and Mid–Lake Properties, II, Inc. (hereinafter "appellants"). The appellee and respondent below, Robert June Harman d/b/a Harman Equipment Sales (hereinafter "appellee") filed the mechanic's lien on October 22, 2003, seeking payment in the amount of $221,901.75, which included $3,000.00 for work performed on August 17, 2003, and almost $219,000.00 for work performed in the late 1980s.

In this appeal, the appellants contend that the circuit court erred by finding that the appellee has a valid mechanic's lien in the amount of $219,000.00 for the work he performed in the 1980s. This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For the reasons set forth below, the final order is affirmed, in part, and reversed, in part, and this case is remanded for further proceedings consistent with this opinion.

## I.

## FACTS

In the late 1980s, the appellants developed a subdivision known as Northpoint in Canaan Valley, West Virginia. The appellee was hired to construct roadways, water lines, and sewage systems. The appellants made several cash payments to the appellee for his work, but eventually reached a point where they had to execute promissory notes for the remaining balance.[1]

Over the years thereafter, the appellee occasionally performed additional work at Northpoint. He submitted bills for his work which were paid by the appellants. The appellants say that the appellee never made a demand for payment of the promissory notes, nor did his billing statements indicate that any past due balance was being carried forward.

On August 17, 2003, the appellee repaired a water line adjacent to a lot in Section A of Northpoint. He submitted a bill to the appellants for $3,000.00. Upon not receiving payment, the appellee filed a Notice of Mechanic's Lien in the county clerk's office on October 22, 2003. The mechanic's lien was filed for the amount of $221,901.75, with interest accruing at the rate of 1.5% per month. This amount included $3,000.00 for the work performed on August 17, 2003, and almost $219,000.00, for the unpaid balance on the promissory notes.

On December 19, 2003, the appellants filed a Petition to Discharge the Mechanic's Lien in the Circuit Court of Tucker County. On January 26, 2004, the circuit court held a hearing during which appellant Steven Richards and the appellee testified. Thereafter, the circuit court refused the Petition to Dis-

---

1. According to the appellants, they did not retain copies of the promissory notes. However, it appears from the record that the promissory notes were executed sometime between 1990 and 1993.

charge the Mechanic's Lien. The court found that the appellee had performed work and other services to improve ten lots of real estate in Northpoint; that the appellants had failed to pay the appellee for the improvements to the lots; and that the appellee had a valid mechanic's lien. The court further found that the lien covered all the work performed by the appellee at Northpoint since all of the work was of the same or similar type and was based on an ongoing contractual relationship between the parties. The final order was entered on February 4, 2004, and this appeal followed.[2]

## II.

### STANDARD OF REVIEW

■ The case *sub judice* clearly involves a question of law and an interpretation of our statutes regarding mechanics' liens, W.Va. Code §§ 38-2-1 to -39. Accordingly, we will apply a *de novo* standard of review. *See* Syllabus Point 1, *Chrystal R.*M. v. Charlie *A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.").

## III.

### DISCUSSION

■ As set forth above, the issue presented in this appeal is whether the appellee has a valid mechanic's lien for work he performed in the 1980s. W.Va.Code § 38-2-1 (1991) clearly establishes that,

Every person, firm or corporation who erects, builds, constructs, alters, removes or repairs any building or other structure, or other improvement appurtenant to any such building or other structure, or who alters or improves the real property whereon the same stands, or to which it may have been removed, or who provides

services for any of the foregoing, under and by virtue of a contract with the owner for such erection, building, construction, alteration, removal or repair, either for an agreed lump sum or upon any other basis of settlement and payment, shall have a lien upon such building or other structure or improvement appurtenant thereto, and upon the interest of the owner thereof in the real property whereon the same stands, or to which it may have been removed, to secure the payment of such contract price or other compensation therefor.

However,

the lien created and authorized by section one [§ 38-2-1] of this article shall be discharged from and after one hundred days from the completion of the 'contract ... unless, within the respective period[ ], the claimant of any such lien shall have perfected and preserved the same, as hereinafter provided in this article.

W.Va.Code § 38-2-7 (2002).[3]

In this case, there is no dispute that the appellee timely preserved a mechanic's lien for the repair work he performed in August 2003. The appellants contend, however, the lien cannot relate back to the infrastructure work the appellee completed in 1989. In that regard, the appellants argue that the lien could only relate back if work had been performed continuously by the appellee and that is not the case here. Instead, the appellants say that the appellee completed his original contract work in 1989, and it was only a repair that brought him back to Northpoint in 2003. Accordingly, the appellants maintain that there was no continuing contract for any additional work to be completed and, therefore, no basis to relate the lien back to the work the appellee performed in the 1980s.

·The appellee responds by stating that the lien should relate back based on W.Va.Code § 38-2-16 (1991) which provides:

2. According to the appellants, the appellee filed a civil action in the Circuit Court of Tucker County on April 13, 2004, asserting that the circuit court's ruling on February 4, 2004, is *res judicata* as to the amount and enforceability of the lien. It appears that the action has been stayed pending the outcome of this appeal.

3. In the 1980s, W.Va.Code § 38-2-7 required a mechanic's lien to be filed within ninety days of completion of the contract. The Legislature amended the statute in 2002 to extend the filing deadline to one hundred days.

For the purposes of this article, all materials furnished, all work done, and all services provided by any one person, firm or corporation, upon any one building or the improvements appurtenant thereto, or upon the real property whereon the same stands, or to which it may have been removed, shall be deemed and considered one contract, whether or not all of such material was bought at one time, or under one general agreement or otherwise, and whether or not all of such work, labor or services provided, was contracted for at one time or otherwise.

The appellee contends that in accordance with this statute, the work he performed in the late 1980s and the work he performed in 2003 must be "deemed and considered one contract," and, therefore, he has a mechanic's lien for all of the work.

In support of his argument, the appellee relies upon *Carolina Lumber Co. v. Cunningham*, 156 W.Va. 272, 278, 192 S.E.2d 722, 726 (1972), a case in which this Court declared that

Section 16 is clear and unambiguous. It provides that all materials furnished and all work performed by any one person, firm or corporation upon a building shall be considered one contract regardless of the time the materials were furnished or the work was done on the building.

In *Carolina Lumber*, this Court considered the meaning and application of W.Va.Code § 38–2–16, as well as W.Va.Code §§ 38–2–17 and 38–2–18, in determining the priority of perfected mechanics' liens in relation to other liens recorded against the property. This Court concluded that,

Under the provisions of the mechanics' liens statutes of this state all perfected mechanics' liens attach at the time the initial mechanic's lien comes into existence after the construction of the building or structure begins and they take priority over all other liens created by deeds of trust, or otherwise, that are not recorded before the initial mechanic's lien comes into existence.

Syllabus Point 3, *Carolina Lumber.*

In reaching that conclusion, this Court observed that the relevant statutes had to be "read in pari materia and any ambiguous provisions in the statutes should be interpreted in such a manner as to avoid conflict and give effect to all of the provisions of the related sections of the statutes." Syllabus Point 1, in part, *Carolina Lumber.* We must do the same in this case. *See also* Syllabus Point 5, *Fruehauf Corp. v. Huntington Moving & Storage Co.*, 159 W.Va. 14, 217 S.E.2d 907 (1975) ("Statutes which relate to the same persons or things, or to the same class of persons or things, or statutes which have a common purpose will be regarded in *pari materia* to assure recognition and implementation of the legislative intent. Accordingly, a court should not limit its consideration to any single part, provision, section, sentence, phrase or word, but rather review the act or statute in its entirety to ascertain legislative intent properly.").

Unlike *Carolina Lumber*, where this Court had to determine the priority of perfected liens, the issue in this case requires a determination of when a construction project is "completed" such that a contractor must act to preserve and perfect his lien. While W.Va.Code § 38–2–16 is relevant to that determination, W.Va.Code § 38–2–7 must also be considered. As noted above, W.Va.Code § 38–2–7 discharges the lien unless it is perfected and preserved within one hundred days of completion of the contract.

The appellee argues that any work he has performed at Northpoint must be considered part of the original contract pursuant to W.Va.Code § 38–2–16. However, the appellee's interpretation of the statute produces an absurd result in light of W.Va.Code § 38–2–7. That is to say, if a contractor could return to a project years later and do additional work such that he could then seek a lien upon nonpayment for any of the work he has ever performed on the project for which he was never paid, then there could never be a definitive discharge of an unperfected mechanic's lien as provided for in W.Va.Code § 38–2–7. In other words, the requirement of W.Va.Code § 38–2–7 that a lien must be perfected "one hundred days from the completion of the contract" would be meaningless if a contractor could revive the lien by merely undertaking additional work at some unde-

termined date in the future. Clearly, that was not the intention of the Legislature when it enacted the mechanics' lien statutes.

■ "It is always presumed that the legislature will not enact a meaningless or useless statute." Syllabus Point 4, *State ex rel. Hardesty v. Aracoma–Chief Logan No. 4523, Veterans of Foreign Wars of the United States, Inc.,* 147 W.Va. 645, 129 S.E.2d 921 (1963). Moreover, this Court has long held that, "Where a particular construction of a statute would result in an absurdity, some other reasonable construction, which will not produce such absurdity, will be made." Syllabus Point 2, *Newhart v. Pennybacker,* 120 W.Va. 774, 200 S.E. 350 (1938). It is clear that in enacting the mechanics' lien statutes, in particular, W.Va.Code § 38–2–16, the Legislature sought to "protect any person who increases the value of another person's real property by furnishing labor or materials." Syllabus Point 2, in part, *Carolina Lumber.* However, it is also clear that in enacting W.Va.Code § 38–2–7, the Legislature contemplated a limited time period for preserving and perfecting mechanics' liens. Accordingly, we find that there is a requirement of continuity with respect to a contractor's work in order for a lien to relate back to the commencement of the construction. Other courts have reached the same conclusion.

For instance, in *Nu–Trend Electric, Inc. v. Deseret Federal Savings and Loan Association, Inc.,* 786 P.2d 1369, 1371 (Utah Ct.App. 1990), the Court stated:

> For the priority of a mechanic's lien to relate back to the beginning of the work for which the lien is claimed, the work must all be part of the same project; in other words, the work must have a continuity of purpose such that a reasonable observer of the site would be on notice that work was underway for which a lien could be claimed.

Likewise, in Syllabus Point 1 of *Fryman v. McGhee,* 108 Ohio App. 501, 163 N.E.2d 63 (1958), the Court held that, "The beginning of the 'construction' referred to in Section 1311.13, Revised Code, providing for the attaching, continuance and priority of liens, must be the beginning of the same improvement for which the liens are claimed; and such 'construction' must be of such a nature as to be reasonably apparent upon inspection." *See also* 53 Am.Jur.2d *Mechanics' Liens* § 254 (1996) (stating that "[i]n order for liens to be effective from the commencement of the construction or improvement, the improvement so commenced must be the same improvement for which the liens are claimed" and observing that there is a requirement of continuity such that when work on a building is interrupted for too long a period, a mechanic's lien accrues only from the recommencement of the work).

Accordingly, we now hold that with respect to mechanics' liens, there is a requirement of continuity, and in order for a mechanic's lien to relate back to the commencement of work for which the lien is claimed, the work must be of such nature that it is reasonably apparent that both the prior and current work are directly connected and are all part of the same project. In the instant case, the appellee is unable to satisfy the continuity requirement.

■ The record in this case shows that the appellee completed the infrastructure work for the appellants in the late 1980s. During the fifteen-year period that followed, the appellee returned to Northpoint only sporadically to perform maintenance and repair work. There is no evidence that the work the appellee performed during that time period including the work that he completed in August 2003 was all part of the same project. Therefore, the appellee does not have a valid mechanic's lien for the work that he performed in the 1980s as he did not act in accordance with the time requirements of W.Va.Code § 38–2–7 to perfect and preserve the same.[4]

■ While the appellants do not dispute that the appellee timely filed a mechanic's lien for the work he completed in August

---

4. Having concluded that the appellee does not have a mechanic's lien for the work he completed in the 1980s at Northpoint, we decline to address the appellants' contention that a mechanic's lien should also be precluded in this instance because the appellee is barred by the applicable statute of limitations from bringing a suit to enforce the promissory notes.

2003, the appellants do maintain that the lien was attached to lots that were not affected by the appellee's work. In light of our decision that the appellee does not have a lien for the work he completed in the 1980s and given the sparse record presented to this Court, we are unable to determine which lots should be subject to the $3,000.00 lien. Therefore, we remand this case to the circuit court to make that determination.

## IV.

## CONCLUSION

Accordingly, for the reasons set forth above, the final order of the Circuit Court of Tucker County entered on February 4, 2004, is affirmed to the extent that it finds that the appellee has preserved a mechanic's lien in the amount of $3,000.00 for the work he completed for the appellants on August 17, 2003. The final order is reversed to the extent that it also finds that the appellee has preserved a mechanic's lien for the work he completed in the 1980s. Finally, this case is remanded to the circuit court for further proceedings to determine which lots are subject to the $3,000.00 lien.

Affirmed, in part, Reversed, in part, and Remanded.