IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2016 Term

_____

No. 15-0842

_____

FILED

**November 15, 2016**

**released at 3:00 p.m.**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

MARTIN DISTRIBUTING COMPANY, INC., DAVID A. MARTIN,
MARLIENE A. MARTIN, AND MICHAEL D. MARTIN,
Petitioners Below, Petitioners

v.

MARK W. MATKOVICH, WEST VIRGINIA
STATE TAX COMMISSIONER,
Respondent Below, Respondent

_____

Appeal from the Circuit Court of Berkeley County
The Honorable John C. Yoder, Judge
Civil Action No. 14-AA-7

AFFIRMED

_____

AND

_____

No. 15-0857

_____

BROWN FUNERAL HOME, INC., ROBERT C. FIELDS,
AND DONNA C. FIELDS,
Petitioners Below, Petitioners

v.

MARK W. MATKOVICH, WEST VIRGINIA
STATE TAX COMMISSIONER,
Respondent Below, Respondent

_____

Appeal from the Circuit Court of Berkeley County
The Honorable John C. Yoder, Judge
Civil Action No. 14-AA-8

AFFIRMED
_____

AND

_____

No. 15-0867

_____

LOUIS A. LARROW,
Petitioner Below, Petitioner

v.

MARK W. MATKOVICH, WEST VIRGINIA
STATE TAX COMMISSIONER,
Respondent Below, Respondent

_____

Appeal from the Circuit Court of Jefferson County
The Honorable David H. Sanders, Judge
Civil Action No. 15-AA-2

AFFIRMED
_____

AND

_____

No. 15-0869

_____

DAVID M. HAMMER AND EUPHEMIA KALLAS,
Petitioners Below, Petitioners

v.

MARK W. MATKOVICH, WEST VIRGINIA
STATE TAX COMMISSIONER,
Respondent Below, Respondent

_____

Appeal from the Circuit Court of Jefferson County
The Honorable David H. Sanders, Judge
Civil Action No. 15-AA-1

AFFIRMED

_____

Submitted: October 25, 2016
Filed:  November 15, 2016

Floyd M. Sayre, III, Esq.                      Patrick Morrisey, Esq.
Bowles Rice LLP                                Attorney General
Martinsburg, West Virginia                     L. Wayne Williams, Esq.
Attorney for the Petitioners                   Assistant Attorney General
                                               Cassandra L. Means, Esq.
                                               Assistant Attorney General
                                               Charleston, West Virginia
                                               Attorneys for the Respondent

JUSTICE BENJAMIN delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.     "In an administrative appeal from the decision of the West Virginia Office of Tax Appeals, this Court will review the final order of the circuit court pursuant to the standards of review in the State Administrative Procedures Act set forth in *W. Va. Code*, 29A-5-4(g) [1988]. Findings of fact of the administrative law judge will not be set aside or vacated unless clearly wrong, and, although administrative interpretation of State tax provisions will be afforded sound consideration, this Court will review questions of law *de novo*." Syl. pt. 1, *Griffith v. Conagra Brands, Inc.*, 229 W. Va. 190, 728 S.E.2d 74 (2012).

2.     "When a statute is clear and the unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Syl. pt. 5, *State v. Gen. Daniel Morgan Post 548*, 144 W. Va. 137, 107 S.E.2d 353 (1959).

3.     In order to be eligible to claim a tax credit under the 2011 version of W. Va. Code § 11-6D-4(c) for constructing or purchasing and installing a qualified alternative-fuel vehicle refueling infrastructure, the infrastructure must be owned by the applicant for the tax credit, located in this State, not located in or on a private residence or private home, and used for storing alternative fuels and for dispensing such alternative fuels into fuel tanks of motor vehicles pursuant to W. Va. Code § 11-6D-2(e) (2011).

i

4.	In order to be eligible to claim a tax credit under the 2011 version of W. Va. Code § 11-6D-4(c) for constructing or purchasing and installing a qualified alternative fuel vehicle home refueling infrastructure, the infrastructure must be owned by the applicant for the tax credit, located in this State, located on a private residence or private home, and used for storing alternative fuels and for dispensing such alternative fuels into fuel tanks of motor vehicles or for providing electricity to plug-in hybrid electric vehicles or electric vehicles pursuant to W. Va. Code § 11-6D-2(f) (2011).

5.	"The Legislature, when it enacts legislation, is presumed to know of its prior enactments." Syl. pt. 12, *Vest v. Cobb*, 138 W. Va. 660, 76 S.E.2d 885 (1953).

6.	"It is always presumed that the legislature will not enact a meaningless or useless statute." Syl. pt. 4, *State ex rel. Tax Comm'r v. Veterans of Foreign Wars*, 147 W. Va. 645, 129 S.E.2d 921 (1963).

ii

Benjamin, Justice:

The instant proceeding consists of four consolidated appeals. In Appeal Nos. 15-0842 and 15-0857, the issue is whether the alternative-energy infrastructures installed by the petitioners for their businesses meet the definition of "qualified alternative fuel vehicle refueling infrastructure" under W. Va. Code § 11-6D-2(e) (2011) for the purpose of receiving an alternative-fuel infrastructure tax credit. In Appeal Nos. 15-0867 and 15-0869, the issue is whether the alternative-energy infrastructures installed by the petitioners for their residences meet the definition of "qualified alternative fuel vehicle home refueling infrastructure" under W. Va. Code § 11-6D-2(f) (2011) for the purpose of receiving an alternative fuel-infrastructure tax credit. All of the petitioners contend that the circuit court erred in affirming the final orders of the West Virginia Office of Tax Appeals that denied the petitioners' requests for alternative-fuel infrastructure tax credits under W. Va. Code § 11-6d-4(c) (2011). Upon review of the parties' arguments, the relevant portions of the appendices, and the governing authority, this Court affirms the circuit courts' orders from which the petitioners appeal.

## I. FACTS AND PROCEDURAL HISTORY

We begin by separately presenting the pertinent facts of each of the four consolidated appeals.

## A. *Martin Distributing Company, Inc., David A. Martin, Marliene A. Martin, and Michael D. Martin v. Tax Commissioner, No. 15-0842*

Martin Distributing Company, Inc. is a wholesale beer and wine distributor located in Martinsburg, West Virginia. David Martin, Marliene Martin, and Michael Martin are part owners of Martin Distributing Company, Inc. (collectively "Martin"). In 2011, Martin installed a sizable system of roof-mounted solar panels for its business which generates electricity from solar energy.[1] The solar panel system installed by Martin does not include any physical storage tank and does not include any batteries to store electricity produced by the solar panel system. Although Martin did not own any electric powered vehicles as of July 30, 2013, the solar panel system has eight charging stations located in the company parking lot which are available for public use 24 hours a day at no charge. The electricity generated by the solar panel system is used for general electrical purposes of operating the business.

## B. *Brown Funeral Home, Inc., Robert C. Fields, and Donna C. Fields v. Tax Commissioner, No. 15-0857*

Petitioner Brown Funeral Home, Inc. operates a funeral home located in Martinsburg, West Virginia, and Robert Fields and Donna Fields are part owners of the funeral home (collectively "Brown"). In 2011, Brown installed roof-mounted solar panels

---

[1] The circuit court described this system as "a 61.1 kilowatt roof mounted solar array consisting of 260 235-watt panels and a 50 kilowatt PV powered inverter and eight Schneider EV charging stations."

on its business for generating electricity.[2] Brown's solar panel system does not include any batteries to store electricity produced by the system. Brown did not own any electric-powered vehicles as of July 30, 2013. However, Brown's solar panel system has four charging stations located in the company parking lot which are available for public use 24 hours a day at no charge.

Based on the installations of the solar panel systems, the petitioners in these two consolidated appeals claimed a tax credit for installing qualified alternative fuel vehicle refueling infrastructures pursuant to W. Va. Code § 11-6D-4(c), but were denied the tax credit by the State Tax Commissioner and the Office of Tax Appeals. The petitioners now appeal the July 23, 2015, orders of the Circuit Court of Berkeley County that affirmed the denial of the tax credit.

### C. *Louis A. Larrow v. Tax Commissioner, No. 15-0867*

Petitioner Louis A. Larrow installed a solar panel system on his home described as a 4.7 kilowatt roof mounted solar system, consisting of 20 235-watt solar panels, 20 Enphase micro-inverters, and one AV electric vehicle charging station. The circuit court below found that the 20 235-watt solar panels and 20 Enphase micro-inverters are not required for the storage or dispensing of electricity to a hybrid vehicle or electric vehicle. Instead, such functions only require the charging station and distribution

---

[2] The circuit court described the solar installation as a 25.3 kilowatt roof mounted solar array consisting of 108 235-watt panels, and 3800 inverters, and four Schneider EV charging stations.

3

panel. Testimony at the administrative hearing indicated that the installation was designed to produce more electricity than would be required to power the petitioner's entire house and car. In addition, the petitioner admitted below that he does not own an electric or plug-in hybrid electric vehicle. Finally, the circuit court found that although the petitioner's installation is capable of dispensing electricity to a hybrid or electric vehicle, it cannot store electricity as it lacks any on-site storage or batteries. Rather, the installation is designed to provide the petitioner's entire residence with power and to transfer any excess electricity generated back to the grid.

### D.  *David M. Hammer and Euphemia Kallas v.* *Tax Commissioner*, No. 15-0869

At their private residence in Shepherdstown, West Virginia, Petitioners David M. Hammer and Euphemia Kallas installed a solar panel system described as a 9.4 kilowatt roof mounted solar system, consisting of 40 235-watt solar panels, 40 Enphase micro-inverters, and one AV electric vehicle charging station. The 40 235-watt solar panels and 40 Enphase micro-inverters are not required for the storage or dispensing of electricity to a hybrid or electric vehicle. Such functions only require the charging station and distribution panel. The petitioners' infrastructure did not originally have a plug-in for charging an alternative fuel vehicle. Although the installation is capable of dispensing electricity to a hybrid or electric vehicle, it cannot store electricity as it lacks any on-site storage or batteries. Rather, the infrastructure is designed to provide the entire residence

4

with power and transfer any excess electricity that it has created back to the grid. Finally, the petitioners did not own an electric-powered vehicle until after 2011.

Based on the installations of the solar panel systems on their homes, the petitioners in Appeal Nos. 15-0867 and No. 15-0869 claimed a tax credit for installing qualified fuel vehicle home refueling infrastructures under W. Va. Code § 11-6D-4(c) which was denied by the State Tax Commissioner and the Office of Tax Appeals. The petitioners now appeal the July 23, 2015 and August 3, 2015, orders of the Circuit Court of Jefferson County that affirmed the denial of the tax credit.

## II. STANDARD OF REVIEW

In these consolidated cases, this Court is called upon to review the final orders of the circuit court which affirmed decisions of the Office of Tax Appeals. We have held:

> In an administrative appeal from the decision of the West Virginia Office of Tax Appeals, this Court will review the final order of the circuit court pursuant to the standards of review in the State Administrative Procedures Act set forth in *W.Va.Code*, 29A-5-4(g) [1988]. Findings of fact of the administrative law judge will not be set aside or vacated unless clearly wrong, and, although administrative interpretation of State tax provisions will be afforded sound consideration, this Court will review questions of law *de novo.*

Syl. pt. 1, *Griffith v. Conagra Brands, Inc.*, 229 W. Va. 190, 728 S.E.2d 74 (2012). In the instant cases, the petitioners do not challenge the findings of fact of the Office of Tax

5

Appeals but rather the application of the law. Therefore, this Court's review is *de novo*. Having set forth the appropriate standard of review, we will now proceed to consider the issues before us.

### III. ANALYSIS

The issues in these four consolidated cases concern the alternative-fuel infrastructure tax credits found in Article 6D of Chapter 11 of the West Virginia Code. The petitioners in these four consolidated appeals seek an alternative fuel infrastructure tax credit pursuant to W. Va. Code § 11-6D-4(c). Under this code section, "[a] taxpayer is eligible to claim the credit against tax provided in this article if he or she: . . . . (c) Constructs or purchases and installs qualified alternative fuel vehicle refueling infrastructure or qualified alternative fuel vehicle home refueling infrastructure that is capable of dispensing alternative fuel for alternative-fuel motor vehicles." The term "alternative fuel" is defined in W. Va. Code § 11-6D-2(a)(9) (2011) as "[e]lectricity, including electricity from solar energy." The Legislative findings and purpose for enacting the tax credits are found in W. Va. Code § 11-6D-1 (2011) as follows:

> [T]he Legislature hereby finds that the use of alternative fuels is in the public interest and promotes the general welfare of the people of this state insofar as it addresses serious concerns for our environment and our state's and nation's dependence on foreign oil as a source of energy. The Legislature further finds that this state has an abundant supply of alternative fuels and an extensive supply network and that, by encouraging the use of alternatively-fueled motor vehicles, the state will be reducing its dependence on foreign oil and attempting to improve its air quality. The Legislature further finds that the wholesale cost of fuel for certain alternatively-fueled motor

6

vehicles is significantly lower than the cost of fueling traditional motor vehicles with oil based fuels.

However, because the cost of motor vehicles which utilize alternative-fuel technologies remains high in relation to motor vehicles that employ more traditional technologies, citizens of this state who might otherwise choose an alternatively-fueled motor vehicle are forced by economic necessity to continue using motor vehicles that are fueled by more conventional means. Additionally, the availability of commercial and residential infrastructure to support alternatively-fueled vehicles available to the public is inadequate to encourage the use of alternatively-fueled motor vehicles. It is the intent of the Legislature that the alternative-fuel motor vehicle tax credit previously expired in 2006 be hereby reinstated with changes and amendments as set forth herein. Therefore, in order to encourage the use of alternatively-fueled motor vehicles and possibly reduce unnecessary pollution of our environment and reduce our dependence on foreign sources of energy, there is hereby created an alternative-fuel motor vehicles tax credit and an alternative-fuel infrastructure tax credit.

The petitioners in the first two consolidated appeals seek a tax credit for constructing a qualified alternative fuel vehicle refueling infrastructure. This type of infrastructure is defined in W. Va. Code § 11-6D-2(e) (2011). The petitioners in the second two consolidated appeals seek a tax credit for constructing qualified alternative fuel vehicle home refueling infrastructure which is defined in W. Va. Code § 11-6D-2(f). This Court will now proceed to discuss the first two consolidated appeals.

7

### A. *Martin and Brown Cases*

In the Martin and Brown cases, the petitioners seek the "qualified alternative fuel vehicle refueling infrastructure" tax credit for the installation of solar panel systems on their businesses. This tax credit is defined in W. Va. Code § 11-6D-2(e) as follows:

> (e) "Qualified alternative fuel vehicle refueling infrastructure" means property owned by the applicant for the tax credit and used for storing alternative fuels and for dispensing such alternative fuels into fuel tanks of motor vehicles, including, but not limited to compression equipment, storage tanks and dispensing units for alternative fuel at the point where the fuel is delivered: Provided, That the property is installed and located in this state and is not located on a private residence or private home.

In affirming the decisions of the Office of Tax Appeals in the Martin and Brown cases, the circuit court noted that the essence of the petitioners' claims is that they installed solar panel systems at their business locations which create electricity used to power plug-in hybrid electric vehicles or electric vehicles. The circuit court then looked to W. Va. Code § 11-6D-2(e) which defines "qualified alternative fuel vehicle refueling infrastructure" in pertinent part as "property owned by the applicant for the tax credit and used for storing alternative fuels and for dispensing such alternative fuels into fuel tanks of motor vehicles." Based on this definition, the circuit court found that the tax credit is only available for property used for the storage and delivery of alternative fuels and not for property used for the creation of electricity from solar energy. The circuit court

8

concluded that the petitioners do not own any equipment for storing alternative fuels, and that their solar panel systems were used for general electrical purposes to operate the businesses and not for dispensing alternative fuels into motor vehicles.[3]

In challenging the circuit court's orders, the petitioners present several arguments.[4] First, the petitioners appear to maintain that they should receive the tax credit for "providing electricity to plug-in hybrid electric vehicles or electric vehicles" as provided for in W. Va. Code § 11-6D-2(f). The petitioners support their position by asserting that the circuit court's reasoning is inconsistent with the legislative purpose of creating the alternative fuel infrastructure tax credit, and that W. Va. Code § 11-6D-2(e) and (f) should be construed in favor of the taxpayers because the statutes' intent is to promote a social good.

W. Va. Code § 11-6D-4(c) provides the tax credit at issue for a "qualified alternative-fuel vehicle refueling infrastructure" and for a "qualified alternative fuel vehicle home refueling infrastructure." Because the petitioners' infrastructures were constructed on their businesses, not their homes, they must claim the tax credit for the "qualified alternative fuel vehicle refueling infrastructure," which is defined in W. Va. Code § 11-6D-2(e) as property "not located in or on a private residence or private home."

_____

[3] The circuit court orders in the Martin and Brown appeals were entered by the same circuit court judge and rely on essentially the same legal analysis and reasoning.

[4] The petitions for appeal in the Martin and Brown cases were drafted by the same attorney and make the same legal arguments.

9

The clause "providing electricity to plug-in hybrid electric vehicles or electric vehicles" is not included under the definition of "qualified alternative fuel vehicle refueling infrastructure" in W. Va. Code § 11-6D-2(e). Therefore, based upon the statutory language upon which the claimed tax credit is based, the petitioners cannot claim that their infrastructures constitute qualified alternative fuel vehicle refueling infrastructures based upon the argument that they provide electricity to plug-in hybrid electric or electric vehicles.

In addition, the petitioners contend that the circuit court erred in concluding that their infrastructures are not eligible for the tax credit because they do not store electricity nor dispense anything into fuel tanks pursuant to W. Va. Code § 11-6D-2(e). The petitioners aver that they claim the tax credit pursuant to W. Va. Code § 11-6D-4(c) which provides that a taxpayer is eligible for the tax credit if he or she "[c]onstructs or purchases and installs qualified alternative fuel vehicle refueling infrastructure . . . that is capable of dispensing alternative fuel for alternative-fuel motor vehicles." The petitioners contend that this statutory provision contains no requirement that an alternative-fuel infrastructure has to store electricity in order to qualify for the tax credit. The petitioners assert that the only evidence of record establishes that the infrastructures installed on their businesses are capable of dispensing alternative fuel into alternative fuel motor vehicles.

10

We disagree. While the tax credit for owning a qualified alternative fuel vehicle refueling infrastructure is found in W. Va. Code § 11-6D-4(c), in order to determine what constitutes a "qualified alternative fuel vehicle refueling infrastructure" for the purpose of the tax credit, one must consult W. Va. Code § 11-6D-2(e). This statutory provision defines "qualified alternative fuel vehicle refueling infrastructure," in pertinent part, as property "used for storing alternative fuels *and* for dispensing such alternative fuels into fuel tanks of motor vehicles." [Emphasis added.] This statutory definition plainly requires that a qualifying alternative fuel vehicle refueling infrastructure not only be capable of dispensing alternative fuels, but also that such a system also be capable of "storing alternative fuels." Therefore, the circuit court did not err in determining that the petitioners' infrastructures do not meet the definition of "qualified alternative-fuel vehicle refueling infrastructure" because the infrastructures do not store alternative fuels.

Although we agree, based upon the Legislative findings and purpose set forth in W. Va. Code § 11-6D-1 (2011), that the Legislature views the development and use of alternative fuel vehicles to be in the public interest, we must nevertheless give effect to the statute as enacted by the Legislature. Under our law, "[w]hen a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Syl. pt. 5, *State v. Gen. Daniel Morgan Post 548*, 144 W. Va. 137, 107 S.E.2d 353 (1959). The applicable code section, W. Va. Code § 11-6D-2(e), is plain and

11

this Court will apply it as written. Based on the plain language of the code section, this Court now holds that in order to be eligible to claim a tax credit under the 2011 version of W. Va. Code § 11-6D-4(c) for constructing or purchasing and installing a qualified alternative fuel vehicle refueling infrastructure, the infrastructure must be owned by the applicant for the tax credit, located in this State, not located in or on a private residence or private home, and used for storing alternative fuels and for dispensing such alternative fuels into fuel tanks of motor vehicles pursuant to W. Va. Code § 11-6D-2(e) (2011).

In the instant cases, the infrastructures constructed by Martin and Brown did not have the capacity for storing alternative fuels and the infrastructures were used primarily for providing energy to the petitioners' businesses and not for dispensing alternative fuels into motor vehicles. Therefore, we conclude that the infrastructures constructed by Martin and Brown do not constitute qualified alternative fuel vehicle refueling infrastructures under W. Va. Code § 11-6D-2(e).

Accordingly, for the reasons set forth above, we conclude that the circuit court did not err in ruling the infrastructures that the petitioners installed on their businesses do not constitute qualified alternative fuel vehicle refueling infrastructures for the purpose of receiving tax credits under W. Va. Code § 11-6D-4(c). Having resolved the issues in Appeal Nos. 15-0842 and 15-0857, we now turn to Appeal Nos. 15-0867 and 15-0869.

12

## B. *Larrow and Hammer Cases*

In the Larrow and Hammer cases, the petitioners claim the "qualified alternative fuel vehicle home refueling infrastructure" tax credit for the installation of solar panel systems on their residences. This tax credit is defined in W. Va. Code § 11-6D-2(f) (2011) as follows[5]:

> (f) "Qualified alternative fuel vehicle home refueling infrastructure" means property owned by the applicant for the tax credit located on a private residence or private home and used for storing alternative fuels and for dispensing such alternative fuels into fuel tanks of motor vehicles, including, but not limited to, compression equipment, storage tanks and dispensing units for alternative fuel at the point where the fuel is delivered or for providing electricity to plug-in hybrid electric vehicles or electric vehicles: Provided, That the property is installed and located in this state.

In ruling against the petitioners, the circuit court acknowledged there is no dispute regarding the petitioners' eligibility for a tax credit; what is disputed is the extent to which the petitioners are entitled to a tax credit. The petitioners argued before the circuit court that the entirety of their solar panel system constitutes a qualified alternative fuel vehicle home refueling infrastructure. In rejecting the petitioners' argument, the circuit court found that dispensing alternative fuel into motor vehicles is not the sole function of the petitioners' infrastructures. The circuit court reasoned that not all of the components of the petitioners' infrastructures are necessary for the functions of storing

---

[5] West Virginia Code § 11-6D-4(c) was amended in 2013. The 2013 version of the statute does not contain a tax credit for qualified alternative fuel vehicle home refueling infrastructures constructed or purchased and installed on or after April 15, 2013.

13

and dispensing electricity. Were such storage and dispensing the primary function of all components, said the circuit court, then the installation in its entirety would qualify for the tax credit.

The circuit court next recognized that the legislative purpose for the alternative fuel infrastructure tax credit is to encourage the use of alternatively-fueled motor vehicles and possibly reduce unnecessary pollution of the environment. According to the circuit court, this purpose does not support the argument for a tax credit for the installation of an alternative fuel infrastructure, the main purpose of which is to power a residence.

Finally, the circuit court found that tax credits for the installation of solar panel systems is addressed separately in W. Va. Code § 11-13Z-1 to 3 (2009). The circuit court reasoned that in light of the presumption that the Legislature is familiar with all of the laws that it has enacted, it cannot be concluded that both the alternative-fuel infrastructure tax credit and the residential solar energy tax credit apply to the solar panel systems that power residences because such a reading would render one of the two tax credits redundant.

The petitioners argue on appeal that the circuit court erred in concluding that only a portion of the infrastructure purchased and installed by the petitioners constitutes a qualified alternative fuel vehicle home refueling infrastructure under W. Va.

14

Code § 11-6D-2(f).[6] The petitioners first rely on the definition of "alternative fuel" in W. Va. Code § 11-6D-2(a)(9) as "[e]lectricity, including electricity from solar energy." The petitioners contend that it is undisputable that they installed equipment that could dispense electricity, including electricity from solar energy. As the petitioners contend additionally, the only evidence of record establishes that solar panels, wiring, inverter boxes, meters and the plug-in are all used for the dispensing of the electricity from solar energy.

Second, the petitioners assert they are seeking the tax credit set forth in W. Va. Code § 11-6D-4(c) for a qualified alternative fuel vehicle home refueling infrastructure that is capable of dispensing alternative fuel into alternative-fuel motor vehicles. According to the petitioners, the evidence of record establishes that the equipment which they installed on their residences is capable of dispensing alternative fuel into alternative fuel motor vehicles. The petitioners assert that W. Va. Code § 11-6D-4(c) does not require a taxpayer to construct a storage and dispensing facility exclusively designed for the fueling of alternative fuel motor vehicles nor does it require that at the time of installation the taxpayer have an alternative-fuel motor vehicle.

Finally, the petitioners aver that a grant of the alternative fuel infrastructure tax credit to each of them would be consistent with the legislative intent stated in W. Va.

_____

[6] The petitioner's briefs in both the Larrow and Hammer cases were prepared by the same attorney and present the same arguments.

Code § 11-6D-1 which is to encourage the construction of both commercial and residential alternative energy infrastructures for the purpose of encouraging the use of alternative fuel motor vehicles.

In order to be eligible to receive the alternative fuel infrastructure tax credit provided for in W. Va. Code § 11-6D-4(c), the petitioners had to construct or purchase and install a "qualified alternative fuel vehicle home refueling infrastructure." This type of infrastructure is defined in W. Va. Code § 11-6D-2(f), which requires, in pertinent part, that the qualified infrastructure is "used for storing alternative fuels *and* for dispensing such alternative fuels into fuel tanks of motor vehicles . . . or for providing electricity to plug-in hybrid electric vehicles or electric vehicles." *Id.* (emphasis added.) As set forth in our discussion above regarding the similarly worded W. Va. Code § 11-6D-2(e) in the Martin and Brown cases, we cannot overlook the inclusion by the Legislature of the conjunctive "and" in enacting this legislative section. To be a "qualified alternative fuel vehicle home refueling infrastructure," the need for "storing alternative fuels" is plainly required by this statutory section. Therefore, we now hold that in order to be eligible to claim a tax credit under the 2011 version of W. Va. Code § 11-6D-4(c) for constructing or purchasing and installing a qualified alternative fuel vehicle home refueling infrastructure, the infrastructure must be owned by the applicant for the tax credit, located in this State, located on a private residence or private home, and used for storing alternative fuels and for dispensing such alternative fuels into fuel tanks

16

of motor vehicles or for providing electricity to plug-in hybrid electric vehicles or electric vehicles pursuant to W. Va. Code § 11-6D-2(f) (2011).

Regarding the requirement that the qualified infrastructure be used for storing alternative fuels and dispensing the fuels into motor vehicle tanks, the evidence below indicates that the petitioners' infrastructures do not have the capacity to store electricity. Further, the evidence below indicates that the petitioners' entire infrastructure is not used for providing electricity to plug-in hybrid electric vehicles or electric vehicles. For example, evidence adduced below indicated that the solar panels and micro-inverters installed by the petitioners are not required for dispensing electricity to hybrid or electric motor vehicles. Instead, such a function only requires a charging station and distribution panel. Finally, the evidence indicates that the infrastructures installed by the petitioners were designed to produce sufficient electricity to provide their entire residences with power, and transfer any excess electricity that it generates back to the grid. Therefore, it cannot be said that the petitioners' entire infrastructures are used for providing electricity to plug-in hybrid electric vehicles or electric vehicles.

With respect to the petitioners' argument that granting them the alternative fuel motor vehicle tax credit for their entire infrastructures is consistent with the Legislature's purpose for creating the tax credit., we observe that the Legislature clearly stated its purpose in W. Va. Code § 11-6D-1 as follows: "[I]n order to encourage the use of alternatively-fueled motor vehicles and possibly reduce unnecessary pollution of our

17

environment and reduce our dependence on foreign sources of energy, there is hereby created an alternative-fuel motor vehicles tax credit and an alternative-fuel infrastructure tax credit." This Court fails to see how installing a solar panel system, the primary purpose of which is to provide power to a residence, promotes the use of alternatively-fueled motor vehicles.

Finally, we find it significant that a residential solar energy tax credit was available to taxpayers who install a solar energy system to power their residences at the time the petitioners applied for the alternative fuel infrastructure tax credit. According to W. Va. Code § 11-13Z-1 (2009):

> Any taxpayer who installs or causes to be installed a solar energy system on property located in this state and owned by the taxpayer and used as a residence after July 1, 2009, shall be allowed a credit against the taxes imposed in article twenty-one [§§ 11-21-1 et seq.] of this chapter in an amount equal to thirty percent of the cost to purchase and install the system up to a maximum amount of $2,000.

In order to receive this tax credit, the solar energy must be used to generate electricity, heat or cool a structure, provide hot water in the structure, or to provide solar process heat. *See* W. Va. Code § 11-13Z-2 (2009). This Court has held that "[t]he Legislature, when it enacts legislation, is presumed to know of its prior enactments." Syl. pt. 12, *Vest v. Cobb*, 138 W. Va. 660, 76 S.E.2d 885 (1953). When the Legislature amended Article 6D, Chapter 11 of the Code in 2011 to make tax credits available for qualified alternative fuel vehicle home refueling infrastructures, we presume that the Legislature knew of its prior enactment of Article 13Z of Chapter 11 of the Code providing the residential solar

18

energy tax credit. Further, "[i]t is always presumed that the legislature will not enact a meaningless or useless statute." Syl. pt. 4, *State ex rel. Tax Comm'r v. Veterans of Foreign Wars*, 147 W. Va. 645, 129 S.E.2d 921 (1963). Having provided a tax credit for solar energy systems that provide power to residences in W. Va. Code § 11-13Z-1 in 2009, we presume that the Legislature would not have provided the same tax credit in W. Va. Code § 11-6D-4(c) in 2011.

Therefore, based on the reasoning above, we conclude that the circuit court did not err in concluding that only a portion of the infrastructures purchased and installed by the petitioners constituted qualified alternative fuel vehicle home refueling infrastructures for the purpose of receiving tax credits under W. Va. Code § 11-6D-4(c).[7]

## IV. CONCLUSION

For the reasons expressed above, in Appeal Nos. 15-0842 and 15-0857, we affirm the July 23, 2015, orders of the Circuit Court of Berkeley County that affirmed the decision of the Office of Tax Appeals to deny the alternative fuel infrastructure tax credits sought by the petitioners. Likewise, in Appeal Nos. 15-0867 and 15-0869, we affirm the July 23, 2015 and August 3, 2015, orders of the Circuit Court of Jefferson

---

[7] In a second assignment of error, the petitioners contend that the circuit court erred in concluding that W. Va. Code § 11-6D-4(c) requires a qualified alternative fuel vehicle home refueling infrastructure to store the electricity produced. Because we addressed this issue in our analysis of the first two consolidated appeals, we do not find it necessary to address it again.

County that affirmed the decision of the Office of Tax Appeals to deny the alternative-fuel infrastructure tax credits sought by the petitioners.

Appeal No. 15-0842, Affirmed.

Appeal No. 15-0857, Affirmed.

Appeal No. 15-0867, Affirmed.

Appeal No. 15-0869, Affirmed.

20